

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Ibarra-Villalva v. USP Allenwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ibarra-Villalva v. USP Allenwood" (2007). *2007 Decisions.* Paper 1786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-79                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2723

———————

FELIX IBARRA-VILLALVA,
                                        Appellant

v.

USP- ALLENWOOD

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00666)
District Judge: Honorable James F. McClure, Jr.

———————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 21, 2006

———————

Before: Barry, Ambro and Fisher, Circuit Judges.

(Filed January 10, 2007)

———————

OPINION

———————

PER CURIAM

    Felix Ibarra-Villalva, an inmate who is currently incarcerated at the United States

Penitentiary in Coleman, Florida, filed a pro se civil rights action against staff members at

1

the United States Penitentiary in Allenwood, Pennsylvania. Ibarra-Villalva also filed a motion for a temporary restraining order. While not a model of clarity, Ibarra-Villalva's complaint and motion for a temporary restraining order appear to complain of his treatment at USP-Allenwood, the prison where he was incarcerated prior to his transfer to Florida. Specifically, he alleged that he was served meals without the main course, that he was forcibly removed from his cell, that he was deprived of bed linens and a shower curtain, and that he was denied medication other than Prozac. Ibarra-Villalva sought a transfer from USP-Allenwood, or in the alternative, a return of his "personal items and linen."

On May 5, 2006, the United States District Court for the Middle District of Pennsylvania dismissed Ibarra-Villalva's action under 28 U.S.C. §1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1) and denied his motion for a temporary restraining order, concluding that his suit was frivolous and failed to state a claim upon which relief may be granted. Before this order was entered, Ibarra-Villalva mailed two additional documents for filing which sought to amend his suit to include a claim for one million dollars in compensatory damages. On May 15, 2006, the district court re-opened the case for the limited purpose of considering these filings. The district court concluded that nothing in the two filings caused it to reconsider its decision dismissing the action. Before the May 15, 2006, order was entered, Ibrarra-Villalva filed a "motion to grant appeal" and a memorandum in support thereof. On May 16, 2006, the district court entered another order directing that these documents be filed as a notice of appeal of both its May 5 and May 15, 2006 orders.

On May 22, 2006, Ibarra-Villalva filed another set of documents, including a "Motion [For] Leave To Amend" and a brief in support thereof entitled "Amending of Appeal." The district court did not rule on these two additional documents, and they were transmitted to this Court as part of the supplemental record on appeal.[1]

Because Ibarra-Villalva is proceeding in forma pauperis, we must analyze the appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the underlying action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An appeal may be dismissed as frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted where it is clear as a matter of law that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 327 (internal quotation omitted).

Here, Ibarra-Villalva's claims are moot to the extent that he still seeks a temporary restraining order and/or a transfer from USP-Allenwood because he has already been transferred to another institution, USP-Coleman, and states that his personal property has been returned. The action is not entirely mooted, however, because Ibarra-Villalva

_____

[1] On appeal, Ibarra-Villalva appears to challenge the District Court's failure to notify him that the District Court had received and filed these documents. We have reviewed the documents in question and conclude that the District Court properly forwarded them to us as part of the supplemental record on appeal.

amended his suit to include a claim for monetary damages. Therefore, we will now turn to the merits of this appeal.

We agree with the district court's dismissal of Ibarra-Villalva's complaint on the grounds that it was frivolous and failed to state a claim on which relief may be granted. On the one hand, Ibarra-Villalva alleged that he was deprived of main courses, but also asserted that he would go on hunger strikes and go without lunch meals "out of my own will." In addition, Ibarra-Villalva complained of being handcuffed and forcibly removed from his cell, but admitted to spitting at a corrections officer and having a razor blade. Also, while Ibarra-Villalva claimed to have been deprived of bed linens and complained that his personal property was taken away, he has conceded that he was offered sheets and that his personal property has been returned. Moreover, even accepting as true Ibarra-Villalva's allegation that his request for a medication other than Prozac was ignored, this claim does not sufficiently allege a deprivation of a constitutional right. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (mere disagreement as to the proper medical treatment is insufficient to establish a constitutional violation) (quotation omitted).

For these reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Ibarra-Villalva's motions for counsel and for disclosure of documents are denied.

4